IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SANDRA TAYLOR                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:06CV134-B-A

CSC APPLIED TECHNOLOGIES LLC
D/B/A CSC SECURITY SERVICES                                                         DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Sandra Taylor, brings this action against her former employer, defendant CSC Applied Technologies, alleging that the defendant discriminated against her because of her sex and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621. In January 2005, CSC hired the plaintiff, who was fifty-nine years old at the time, as a security guard to work at the Columbus Air Force Base ("AFB") in Columbus, Mississippi. CSC terminated the plaintiff's employment approximately five months later on May 19, 2005.

CSC asserts that the plaintiff was terminated because she failed a critical security inspection conducted by the Inspector General ("IG") during an intense ten-day inspection of the Columbus AFB. CSC had previously contracted with the United States Air Force ("USAF") to provide all external security and access control services for the AFB, and CSC asserts that an exceptional performance was required if it hoped to maintain its contract. The plaintiff admits

that she knew the IG inspection was extremely important. In preparation for the inspection, the plaintiff's supervisor, Robert Belew, informed all CSC employees that any mistakes during the inspection could result in termination. Despite Belew's warning, the plaintiff made a number of avoidable errors and failed an important drill during the inspection. While the plaintiff stood guard at the AFB's gate, a "gate runner" (actually a member of the inspection team) ran through the gate, and the plaintiff failed to follow the proper procedures required upon the occurrence of such an incident, including failing to report the matter immediately via her hand-held radio. The plaintiff admits in her complaint that she improperly handled the matter.

Belew, the person responsible for hiring the plaintiff only five months earlier, terminated the plaintiff's employment shortly after the incident, and the USAF agreed with the decision. Major Shannon Smith, the Squadron Commander for Security Forces at Columbus AFB, stated that the USAF would have taken action to prohibit the plaintiff from standing post as a security guard at the base if she had not been terminated. CSC asserts that no other positions were available; thus, it could not transfer plaintiff to another post, and Belew had no choice but to terminate the plaintiff's employment.

Shortly after her termination, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received her notice of right to sue letter on February 10, 2006. The plaintiff subsequently filed the present suit in this court. The defendant has moved for summary judgment on all claims.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## Analysis

A "plaintiff may always present a prima facie case by providing direct evidence of discrimination." *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). In the absence of direct evidence of discrimination, the court must use the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a prima facie case of sex or age discrimination, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, or "similarly situated employees outside the protected class were treated more favorably under nearly identical circumstances." *Earle v. Aramark Corp.*, No. 06-10483, 2007 WL 2683821, at *2 (5th Cir. Sept. 12, 2007) (citing *Perez v. Tex. Dep't of Criminal Justice, Institutional Div.*, 395

F.3d 206, 213 (5th Cir. 2004), *cert denied*, 546 U.S. 976 (2005) (Title VII); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (ADEA); *Manning v. Chevron Chem.* Co., 332 F.3d 874, 881 (5th Cir. 2003) (Title VII)).

The plaintiff argues that she can establish a prima facie case of discrimination both through direct evidence and in accordance with *McDonnell Douglas*. First, the plaintiff attempts to provide direct evidence of discrimination. She asserts that Belew exhibited sexist and age-related discriminatory animus throughout the plaintiff's five-month employment with CSC. The plaintiff provides a litany of alleged discriminatory comments and actions on the part of Belew and certain other CSC employees. The plaintiff contends that these comments and actions serve as direct evidence of discrimination. Upon reviewing the various comments and actions alleged by the plaintiff, the court finds that most are hearsay and/or stray remarks that do not relate to the plaintiff or her termination at all or are too remote in time and substance to be relevant to the plaintiff's termination. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996). For example, the plaintiff asserts that she "heard a rumor" that Belew thought another guard was "hot" and that she "heard a rumor" that Belew told another female guard that she could not wear thong panties to work. These assertions are hearsay, and the court is unpersuaded that they are admissible via exceptions to the rule against hearsay. The plaintiff also asserts that Belew inferred to her that he hired a lieutenant based on her having large breasts and that Belew told the plaintiff that he was "the only swinging dick around here." Although as admissions of a party-opponent these statements are not hearsay,[1] the comments – and several others offered by the plaintiff which the court does not set forth here – are too vague to have any probative value

---

[1] *See* Fed. R. Evid. 801(d)(2).

4

and serve as classic examples of irrelevant "stray remarks" with no connection to the employment decision. These comments therefore do not create a fact issue regarding discriminatory intent and are insufficient to defeat summary judgment. *Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999). Next, the plaintiff asserts that a supervising employee named Bryson Haden allegedly told another employee named Randy Robles that the plaintiff was "too old; that she wasn't going to cut it." This statement is hearsay; and, further, the plaintiff complained about this comment and other problems with Haden, and it is uncontested that Haden was demoted and ultimately fired. Finally, the plaintiff asserts that Belew told the plaintiff that he "should have got [sic] rid of [her] a long time ago – you're too old to handle this job." This statement, as yet another example of an admission of a party-opponent, is not hearsay. The statement is, however, ultimately inadmissible because it is in the record before the court only in the form of non-contemporaneous notes created by the plaintiff for the purposes of this litigation during the discovery phase of the case. The plaintiff did not mention this statement during her deposition, though she was questioned at length about her meeting with Belew – the meeting at which he allegedly made this statement. Even the plaintiff has now acknowledged that her non-contemporaneous notes are inadmissible as hearsay.[2] For these reasons, the court finds that the plaintiff has failed to set forth any evidence of direct discrimination.

The court must now turn to *McDonnell Douglas* analysis to determine whether the plaintiff has established a prima facie case in accordance therewith. The first and third elements of the prima facie case are not contested. The plaintiff is a member of two protected classes as a

---

[2]In responding to the defendant's various motions *in limine*, the plaintiff stated: "Plaintiff does not dispute that her handwritten notes that were not contemporaneously drafted are inadmissible hearsay."

fifty-nine year old woman, and there is no question that she suffered an adverse employment action when she was fired. The court will address the two remaining elements out of order. First, as to the fourth element, Belew asserts that he replaced the plaintiff with a female – though admittedly a younger one. The plaintiff's witness asserts that the plaintiff was replaced with a younger male. The plaintiff has, therefore, presented at least one genuine issue of material fact. Unfortunately for the plaintiff, however, the court's analysis does not end here. The third element, which requires that the plaintiff be qualified for her job – proves to be more complicated for her. The defendant argues that the plaintiff was no longer qualified for the position because she failed the IG inspection and because she was physically unable to work according to her own declaration to the Social Security Administration when she applied for disability benefits. As addressed above, Major Smith testified that he agreed with Belew's decision to terminate the plaintiff "and that if [Belew] did not take such action, [Smith] would have taken action to prohibit Ms. Taylor from standing post as a security guard at the Columbus AFB for the foreseeable future." Smith also stated that a significant amount of remedial training would be required at a minimum before the USAF would allow the plaintiff to stand guard. In other words, a presumably unbiased non-party to this litigation determined that the plaintiff was unqualified for her position at the time of her termination. The court is persuaded by the defendant's argument. The court further finds that the defendant is accurate in its assertions regarding the plaintiff's Social Security application. The plaintiff certified to the Social Security Administration that she was "unable to work" due to spasms in her toes on May 20, 2005 – the day after her termination – and asked for disability payments to begin immediately. The court finds that if the plaintiff, by her own admission, was "unable to work," she was no longer

6

qualified for the position. Because the plaintiff cannot show that she was qualified for the position, she fails to establish a prima facie case of discrimination, and the defendant is entitled to summary judgment. The court could end its analysis here but chooses instead to address the matters of the defendant's reason for firing the plaintiff and the plaintiff's inability to show that the reason is pretext for discrimination.

Even if the plaintiff was able to establish a prima facie case of discrimination, the court should nevertheless grant summary judgment in favor of the defendant if the defendant has proffered a non-discriminatory reason for the termination, and the plaintiff has failed to show that the reason is pretext for discrimination. *See generally Baker v. American Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005). Such is precisely the case here. Assuming *arguendo* that the plaintiff were able to establish a prima facie case, *McDonnell Douglas* requires that the burden then shift to the defendant to proffer a legitimate non-discriminatory reason for the plaintiff's termination. The defendant has clearly and satisfactorily met its burden. It is uncontested that the plaintiff failed the IG inspection, and it is further uncontested that Belew would no longer be allowed to post the plaintiff at the AFB gate. Belew had no other available position for the plaintiff, and CSC was under no obligation to *re*train the plaintiff. Thus, CSC has set forth a legitimate, non-discriminatory reason for the plaintiff's termination.

Once again the burden shifts to the plaintiff to show that the defendant's proffered non-discriminatory reason is simply pretext for discrimination. The plaintiff has failed to direct the court to any admissible evidence of pretext. As addressed above, the various alleged comments and incidents purporting to show discriminatory animus on the part of the defendant have been ruled to be inadmissible as hearsay or inadmissible as irrelevant stray remarks which – if related

7

to the plaintiff in *any* regard at all – are too remote in time and/or substance to the plaintiff's termination.

If the plaintiff intends to show pretext through assertions of disparate treatment, then she is met with additional difficulties. The Fifth Circuit has clearly established that similarly situated employees outside the protected class who were purportedly treated more favorably must have received that more favorable treatment under ***nearly identical*** circumstances. *Earle v. Aramark Corp.*, No. 06-10483, 2007 WL 2683821, at *2 (5th Cir. Sept. 12, 2007). It is uncontested that the plaintiff is the only CSC employee ever to fail an IG inspection. While the plaintiff has asserted that various other employees made mistakes similar to hers, the situations presented were not nearly identical to the plaintiff's because they occurred outside the IG inspection; and, further, there is no evidence that Belew – the decision maker for CSC in matters of termination – was ever apprised of these incidents. The plaintiff has offered no admissible evidence linking Belew to the alleged disparate treatment. Finally, it is uncontested that Belew was solely responsible for both hiring and firing the plaintiff. The court notes the nonsensicality of the proposition that Belew would hire the plaintiff as a fifty-nine year old woman and then fire her within five months simply because she is a fifty-nine year old woman. The court finds that no rational trier of fact could determine that the defendant's reason for firing the plaintiff was pretext for discrimination.

## Conclusion

Because the plaintiff has failed to establish a prima facie case of discrimination, because the defendant has proffered a legitimate, non-discriminatory reason for the plaintiff's termination, and because the plaintiff has failed to set forth any admissible evidence showing the

reason to be pretext for discrimination, the court finds that the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment shall, therefore, be granted. A separate order in accord with this opinion shall issue this day.

This, the 23rd day of October, 2007.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**